IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JASON TODD PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-059 |
| | ) | |
| DENNIS BROWN, Warden, Augusta | ) | |
| State Medical Prison, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 15).[1]

The Magistrate Judge found that Plaintiff had not met his burden of persuasion on the four requisites for obtaining injunctive relief set forth in McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). With regard to the first element, the Magistrate Judge correctly concluded that Plaintiff had failed to show a likelihood of success on the merits

---

[1] In addition to filing objections to the May 31, 2012 R&R, Plaintiff has submitted a reply to Defendant Brown's response to his motion for injunctive relief, as well as a supporting affidavit. (See doc. nos. 12, 13.) Although these filings were not received by the Clerk of Court until June 7, 2012, the Court notes that they are dated May 24, 2012. (Doc. no. 12, p. 4; doc. no. 13, p. 6.) Under Houston v. Lack, 487 U.S. 266, 276 (1988), Plaintiff's documents submitted to the court are deemed filed on the date of execution and delivery to prison officials for mailing. Thus, the Court will consider Plaintiff's objections in conjunction with his reply and affidavit, which are largely duplicative of the assertions in his objections.

because, among other reasons, the allegations in his motion for a preliminary injunction – which requests an order preventing medical staff at Augusta State Medical Prison ("ASMP") from removing Plaintiff's wheelchair and returning him to general population – has nothing to do with the allegations in his complaint – which describe an alleged assault on Plaintiff by other inmates at ASMP. (Doc. no. 10, p. 5 (comparing doc. no. 1 with doc. no. 3).)

As to the second element, whether Plaintiff had demonstrated a substantial threat that he will suffer irreparable injury if the injunction is not granted, the Magistrate Judge appropriately considered the affidavit of Billy Nichols, M.D., the Medical Director at ASMP, which was submitted in support of Defendant's response to Plaintiff's motion. (See doc. no. 5 & Ex. 1 ("Nichols Aff.").) The Magistrate Judge observed that while Plaintiff alleged that Defendants are threatening to return him to general population without a wheelchair despite knowing that he is unable to walk, Dr. Nichols averred that he had personally witnessed Plaintiff walking without assistance for 200 feet before concluding that a wheelchair is no longer medically necessary. (Doc. no. 10, pp. 4, 6-7 (citing Nichols Aff. ¶ 20).) Moreover, the Magistrate Judge observed Dr. Nichols' explanation that Plaintiff's current housing assignment in the medical accommodation unit does not require him to walk distances of more than 200 feet; further, Dr. Nichols averred that Plaintiff would not be returned to his previous housing assignment (presumably in general population) until medical staff determine that Plaintiff is medically capable of returning there. (Id. at 4 & 7 (citing Nichols Aff. ¶¶ 17, 20-21).) In light of this evidence, the Magistrate Judge appropriately concluded that Plaintiff had failed to demonstrate a risk that he will suffer imminent,

irreparable injury if the Court does not issue the requested injunction.² (Id.)

In his objections, Plaintiff asserts that Dr. Nichols lied in his affidavit because Plaintiff cannot walk without assistance and is required to walk distances much greater than 200 feet *outside* of his accommodated living unit. (Doc. no. 15, pp. 1-2; see doc. no. 12, p. 2; doc. no. 13, p. 4.) Plaintiff further requests an order that Defendants provide an affidavit from Fredrick Cyran, Plaintiff's physical therapist at ASMP, regarding his ability to walk without assistance. (Doc. no. 15, pp. 1, 3.)

Notably, Plaintiff's objections reveal that he remains in the accommodation unit (see generally doc. no. 15), and in none of Plaintiff's filings does he challenge Dr. Nichols' assertion that he will remain there until it is determined that he is medically able to return to general population. Because Plaintiff provides no reason for the Court to believe that he is in imminent danger in the accommodation unit or that he will be moved from there before he is medically able, Plaintiff has still failed to satisfy the irreparable injury requirement. See Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990) (explaining that movant must show that a threatened injury is "neither remote nor speculative, but actual and imminent").

Furthermore, Plaintiff offers nothing to show that the Magistrate Judge incorrectly assessed the remaining three elements Plaintiff must satisfy to obtain injunctive relief. Thus, Plaintiff's objections provide no basis for departing from the conclusions in the R&R, and

---

²Moreover, the Magistrate Judge correctly concluded that Plaintiff failed to satisfy the third and fourth elements set forth in McDonald's Corp. because Plaintiff had offered nothing to suggest that any threatened injury to him outweighed the damage of his proposed injunction, nor had he offered anything to show that the proposed injunction would not be adverse to the public interest. (Doc. no. 10, p. 7.)

they are accordingly **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's "Motion for Injunction" is **DENIED**. (Doc. no. 3.)

SO ORDERED this 11th day of July, 2012, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA