IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JASON TODD PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-059 |
| | ) | |
| DEPARTMENT OF CORRECTIONS OF | ) | |
| GEORGIA, et al., | ) | |
| | ) | |
| Defendants. | | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

Accordingly, on July 17, 2012, the Court reviewed Plaintiff's complaint in conformity with the *in forma pauperis* statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 19.) Plaintiff has submitted an amended complaint (doc. no. 20), and it is this document that the Court will now screen.

## I. BACKGROUND

Plaintiff names the following Defendants in his amended complaint: (1) the Georgia Department of Corrections ("GDOC"); (2) Dennis Brown, the Warden of ASMP; (3) Officer Barnish, who Plaintiff identifies as a correctional officer at ASMP; (4) and Dr. Billy Nicholes, who Plaintiff identifies as a physician at ASMP. (Doc. no. 20, pp. 1, 4.)

Plaintiff alleges that, on December 26, 2011, Defendant Barnish allowed four inmates from a different dorm access to the secure mental health dormitory where Plaintiff's cell was located by "mashing the control room buttons to 3 doors." (Id. at 5, 9.) Plaintiff alleges that those inmates then stabbed him, stomped on him, beat him unconscious, and robbed him of his CD player and headphones as well as one hundred dollars worth of food. (Id. at 5.) After the inmates left, Plaintiff alleges that his roommate, Eric Johnson, closed the door to their cell and kicked the door to attract Defendant Barnish's attention. (Id.) Plaintiff alleges that Defendant Barnish responded to Johnson's kicks and called for medical and security, at which point Plaintiff was taken to the trauma unit, treated, and transported to the hospital, where he stayed for two days. (Id.)

Plaintiff alleges that Defendant Nicholes has repeatedly taken "malicious steps to cause [him] pain and suffering," specifically by taking away Plaintiff's wheelchair and lying about seeing Plaintiff walk unassisted. (Id. at 6.) Plaintiff alleges that Defendant Nicholes has failed in his official duties as a doctor by not providing medical care for Plaintiff's spine, as well as by stating that Plaintiff has had an abundance of care when, in fact, Plaintiff first

saw a spine doctor on July 18, 2012, seven months after Plaintiff's injury. (Id.) Plaintiff further alleges that, in early July, Defendant Nicholes denied Dr. Lloyd's[1] order to return Plaintiff to the wheelchair and to prescribe Percocet for his pain. (Id.) Plaintiff finally alleges that Defendant Nicholes has lied to the courts and shown "deliberate indifference against [him]."[2] (Id.)

Plaintiff alleges that Defendant Brown is aware of "high violence" at ASMP due to uncontrollable gang activity and that there are, on average, at least two "violent emergencies" called per day. (Id. at 5.) Plaintiff alleges that Defendant Brown is aware that Dorm 12-B-1, presumably Plaintiff's dorm, is Defendant Brown's "worse dorm for violence" but that Defendant Brown has done nothing to address the issue. (Id.) Plaintiff alleges that Defendant Brown placed Plaintiff in that known violent dormitory and, in doing so, put Plaintiff's life in danger. (Id. at 7.) Plaintiff asserts that Defendant Brown "failed to protect [him] under the color of law" and failed to do his official duties as a warden. (Id.)

Finally, as to Defendant GDOC, Plaintiff alleges that it failed to properly classify and separate inmates according to their individual predispositions towards violence, and that, similarly, it failed to control and take measures to stop prison violence. (Id. at 6, 8.)

In his request for relief, Plaintiff asserts that he is seeking trial by jury and to sue each

---

[1] Plaintiff identifies Dr. Lloyd only as an "orthopedic [d]octor specialist." (Doc. no. 20, p. 6.)

[2] In alleging that Dr. Nicholes lied to the courts, Plaintiff appears to be referring to documentation filed in this case (doc. no. 5) in response to his request for injunctive relief. (Doc. no. 3.) The Court recommended that no relief be granted, and the Honorable J. Randal Hall, United States District Court Judge, adopted that recommendation. (Doc. no. 18.)

3

named person in their "original and official" capacities. (Id. at 9.) Plaintiff seeks both compensatory and punitive damages from all named parties, as well as the return of his wheelchair and a prescription for Percocet per Dr. Lloyd's alleged orders. (Id.)

II. DISCUSSION

A. Defendants Not Named in Amended Complaint

In the Court's Order directing Plaintiff to amend his complaint, he was warned that his amended complaint would supersede his previously filed complaint. (Doc. no. 19, p. 3-4 (citing Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007); Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) (*per curiam*)). Plaintiff was also specifically told that he must name all Defendants in the caption and the body of the amended complaint. (Id.) Upon review of the amended complaint, the Court finds that Plaintiff no longer names two of the original Defendants as parties to the lawsuit. As Plaintiff fails to name in the caption and/or describe in the body of the amended complaint any actions taken by original Defendants (1) Nathan Deal, Governor of Georgia, and (2) Department of Administrative Service Risk Management, these two Defendants should be dismissed from this lawsuit.[3]

B. Failure to State a Claim Against Defendant Nicholes

*Liberally* construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that the

---

[3]The Court notes that Defendant "Augusta State Medical Prison, Warden" in the original complaint has been replaced by Warden Dennis Brown in the amended complaint, and that the two are one and the same person.

complaint fails to state a claim for relief against Defendants Nicholes for deliberate indifference to a serious medical need.

Although it is true that "[t]he Eighth Amendment's proscription of cruel and unusual punishments prohibits prison officials from exhibiting deliberate indifference to prisoners' serious medical needs," Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999), to support a claim for deliberate indifference to a serious medical need, Plaintiff must meet a two-prong test. First, based on an objective standard, the alleged medical problem must be "sufficiently serious"; second, the defendant must have subjectively acted with "deliberate indifference" to the inmate's health or well-being. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To state the proposition differently, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk. Id. at 835-39; Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010) (noting that the deliberate indifference standard requires a prison official to have disregarded an excessive risk of which he was actually aware).

To show the deliberate indifference that would violate the Eighth Amendment, Plaintiff must show "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Goebert v. Lee County, 510 F.3d 1312, 1326-27 (11th Cir. 2007); see Farmer, 511 U.S. at 837. The Eleventh Circuit has held that to state a viable Eighth Amendment claim, a prisoner must allege that the defendant acted with "deliberate indifference" to his medical needs, such as an intentional refusal to provide care, cursory care in light of a severe medical risk, or a delay in access to care that is

5

essentially a wanton infliction of pain. Adams v. Poag, 61 F.3d 1537, 1543-44 (11th Cir. 1995). Only when medical care is "'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness'" will the standard of "deliberate indifference" be met. Id. at 1544 (quoting Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). Allegations of mere negligence or malpractice do not amount to deliberate indifference. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). Additionally, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010) (*per curiam*); Adams, 61 F.3d at 1546; Harris, 941 F.2d at 1505; Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989).

Here, Plaintiff does not allege a general denial of treatment following his injury. Rather, he takes issue with Defendant Nicholes's choice of treatment and characterization of that treatment, alleging that Defendant Nicholes has "not [given] [him] medical care for [his] spine." (Doc. no. 20, p. 6.) Plaintiff also notes, however, that he was immediately taken to the trauma unit of the hospital after sustaining his injuries, that he was "stitched up," and that he remained in the hospital for two days. (Id. at 5.) In support of his claim that Defendant Nicholes failed to treat his spine, Plaintiff alleges that he did not see a spine doctor until July 18, 2012, seven months after his injuries. (Id.) Plaintiff further claims that, in order to cause him pain and suffering, Defendant Nicholes maliciously removed Plaintiff's wheelchair and denied Dr. Lloyd's order for the return of the wheelchair and a prescription for Percocet. (Id.

6

at 6.) Plaintiff finally alleges, without elaboration, that Defendant Nicholes has lied to the courts and displayed deliberate indifference towards him. (Id.)

In sum, Plaintiff disagrees with the judgment of Defendant Nicholes as to what sort of treatment, and how much treatment, was and continues to be necessary to address his injuries. His claims essentially amount to arguments that he should have seen a spine doctor earlier than he actually did, that he should have been allowed to continue using a wheelchair even after Dr. Nicholes chose to remove it, and that he should have been given a prescription for Percocet. Those claims, however, evince only a disagreement with Defendant Nicholes's course of treatment, and do not demonstrate the "grossly incompetent, inadequate, or excessive" medical treatment necessary to sustain a claim of deliberate indifference.[4] Adams, 61 F.3d at 1544. Moreover, to the extent that Plaintiff asserts that Defendant Nicholes has acted negligently by failing to provide him with the treatment that he believes that he needs and returning the wheelchair, allegations of negligence likewise do not amount to a claim of deliberate indifference. Harris, 941 F.2d at 1505; see also Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.") Therefore, Plaintiff fails to state a viable § 1983 claim for deliberate indifference to a serious medical need.

### C. Claim Against GDOC Barred by 11th Amendment

To the extent Plaintiff seeks monetary damages from Defendant GDOC, "the Eleventh

---

[4]Similarly, Plaintiff's unsubstantiated claims that Defendant Nicholes "lied" to the courts amount to mere disagreement with Defendant Nicholes' diagnosis and chosen course of treatment, and do not provide a basis for an Eighth Amendment claim of deliberate indifference.

Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted, citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Arms or agencies of the state are also immune from suit. Alabama v. Pugh, 438 U.S. 781, 782 (1978) (*per curiam*). Simply put, "[t]here can be no doubt [] that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [Georgia] has consented to the filing of such a suit." Edelman v. Jordan, 415 U.S. 651, 663 (1974); see also Stevens, 864 F.2d at 115 (GDOC is barred from suit for money damages by Eleventh Amendment). Thus, the Eleventh Amendment also bars Plaintiff's claim against Defendant GDOC.

### D. No Official Capacity Claim for Money Damages

In light of the analysis in the preceding sections, the only Defendants against whom Plaintiff is entitled to proceed are Defendants Barnish and Brown, based on Plaintiff's allegations of deliberate indifference to his safety.[5] In his request for relief, Plaintiff appears to attempt to proceed against Defendants Barnish and Brown in both their individual and official capacities. (See doc. no. 20, p. 9.) Moreover, Plaintiff seeks an award of monetary damages against Defendants Barnish and Brown. (Id.) Notably, however, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims for monetary relief against Defendants Barnish and Brown fail as a matter of law, and should

---

[5]In a simultaneously filed Order, the Court has directed that service of process be effected on Defendants Barnish and Brown based on this Eighth Amendment claim.

be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants Nicholes and GDOC be **DISMISSED** from this case.

SO REPORTED and RECOMMENDED this \_\_\_ day of August, 2012, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE